UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KELVIN ANTONIO SMITH                                                                                   PLAINTIFF

V.                                                                              CIVIL ACTION NO. 1:19-CV-205-DAS

COMMISSIONER OF SOCIAL SECURITY                                                                   DEFENDANT

**FINAL JUDGMENT**

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument finds it must reverse the decision and remand the case to the agency for further consideration.

The Veteran's Administration gave Smith a 90% disability rating and found that he was unemployable. Recognizing that the standards and procedures for a VA rating and for the decisions of the Social Security administration are different, the regulatory framework existing before March 27, 2017, which was applicable to this case, provided that a disability determination by another agency was not binding on the Social Security Administration. 20 C.F.R. §404.1504. The Fifth Circuit has held that while a VA rating is not binding, "it is evidence that should be considered and is entitled to great weight." *Rodriguez v. Schweiker*, 640 F.2d 682, 685 (5th Cir. 1981). In this case the ALJ properly stated that the rating was not binding on him, but outright rejected the evidence of the VA rating and finding of unemployability as

1

having no probative value and did not explain this rejection. The court finds this unsupported dismissal of the VA's determination is error which prejudiced the plaintiff.

Additionally, Dr. James Lane did a consultative examination on Smith to determine his mental functional capacity. Lane found Smith was moderately to severely impaired in his ability to interact appropriately with coworkers and accept supervision. Dr. Lane found that Smith's prognosis for significant improvement over the next year was poor. The ALJ nevertheless fashioned an RFC limiting Smith to occasional contact with the public, with no restrictions as to co-workers or supervisors. He dismissed Lane's limitations because the doctor had seen Smith only once and because at the hearing Smith had not exhibited the hostile, extremely uncooperative behavior Lane reported at his examination. Because Lane had actually seen Smith twice, the ALJ's rationale is factually erroneous. The first exhibit in the medical records in this case is Lane's consultative examination of Smith done seven years earlier. In that report, Lane noted that Smith was cooperative though he became agitated near the end of the examination. In that earlier report, Lane found Smith's ability to interact appropriately with co-workers and accept supervision was severely impaired and his prognosis for significant improvement in the next year was guarded. While this earlier report is outside of the time relevant to this claim, the consistency of the two reports weighs in favor of acceptance of the only examining mental health opinion in the record, rather than the reports of the non-examining DDS doctors. Because the proffered reasons for rejecting Lane' opinion are factually wrong, the ALJ committed error, and because Lane's opinion is potentially dispositive on the question of disability, the error is prejudicial. On remand, the commissioner shall reconsider the evidence of record and reconsider Smith's mental RFC.

Finally, the court notes the plaintiff's complaint that the ALJ erred because he did not order a CE and there is no examining opinion evidence on the plaintiff's physical residual functional capacity. He also argues it was error to accept the opinion of the DDS physicians that Smith could perform light work. The medical records document Smith's complaints about knee problems, his history of laparoscopic knee surgeries, and his continuing complaints of knee pain. The DDS physicians reviewed these records before assessing the light RFC. Smith testified at the hearing that his doctor wanted to perform a knee replacement surgery on his right knee and that he had bone on bone arthritis in his knee. Smith testified the doctor was delaying surgery because Smith was too young for the procedure. The DDS physicians did not have the benefit of reviewing the MRI report on the claimant's right knee done on August 16, 2017. This MRI found "complex degenerative tearing of part of the medial meniscus" and "moderately advanced degenerative changes at the medial femoral tibial compartment with areas of *full thickness cartilage loss* at the tibial plateau and femoral condyle." This report confirms Smith's testimony of bone-on-bone degeneration in one of his knees. The court agrees with the government' argument that clinical findings and reports coming after the DDS review does not automatically require a CE to explain the findings to the ALJ, before the ALJ can adjudicate the case. But in part because the court must reverse this case anyway, and in part because this MRI appears to report significant findings that may preclude this plaintiff being able to stand and walk for six of eight hours, the court directs the administration to reconsider the plaintiff's assessed physical RFC.

Finally, the court must consider what relief it can appropriately order in the third quarter of 2020, when Smith's date last insured was in the second quarter of 2018. Given the reality

that further degeneration of the plaintiff's knees, elbows and back are very likely to have occurred since his insured status expired, a CE is unlikely to yield relevant information. Therefore, the court will not order such an examination. However, the court does direct the defendant to have a medical expert review the medical records and provide an opinion as to the plaintiff's physical RFC during the time period covered by the application from the date of alleged onset through the DLI.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is reversed and remanded for further proceedings consistent with the ruling of the court and this judgment.

**SO ORDERED AND ADJUDGED** this the 30th of September, 2020.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**